1  **CARNEY BATES & PULLIAM, PLLC**
   Joseph Henry (Hank) Bates, III (SBN 167688)
2  hbates@cbplaw.com
   519 W. 7th Street
3  Little Rock, AR, 72201
   Tel. 501-312-8500
4  Fax 501-312-8505

5

6  *Attorneys for Plaintiff*

7              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
8             **SAN FRANCISCO/OAKLAND DIVISION**

9  **BURKE MINAHAN**, individually and on
   behalf of all others similarly situated,          Case No.
10
                   Plaintiff,
11
                                                     **CLASS ACTION COMPLAINT AND**
12 v.                                                **DEMAND FOR JURY TRIAL**

13 **Google, LLC,**

14                 Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -1-

Plaintiff Burke Minahan, individually, and on behalf of all others similarly situated, by and through his attorneys, make the following allegations based on personal knowledge, pursuant to the investigation of his counsel and based upon information and belief.

## NATURE OF THE ACTION

1.      Plaintiff is a consumer of Google's video rental service, Google Play, which unlawfully retains Plaintiff's video rental history and personally identifiable information, such as his name, addresses, and credit card information, in violation of Minnesota's M.S.A. §325I.01-03 (the "Minnesota Statute").

2.      Google LLC is a massive technology company with lines of business that span a broad spectrum of industries.  One line of Google's business is streaming video rental services, whereby Google, through its streaming products, such as Google Play, Google TV, and YouTube (the "Services"), makes prerecorded audiovisual materials (i.e., videos) available for consumers to rent for a limited time, such as movies and television shows.

3.      A consumer must have a Google account in order to rent a video, which can be created through the consumer's use of Google's email client, Gmail, by creating a non-email-based Google account, or by creating a YouTube account.

4.      Any time a user interacts with the Services, his or her activities are logged with the associated Google account.

5.      Google maintains records for consumers using the Services, including records of their account information, such as their names, email addresses, phone numbers, and billing addresses.

6.      In addition to personal information of the account holder, Google keeps a record of the consumers' video rental histories, which identifies every video rented by the consumers using the Services.

7.      Thus, Google, keeps a digital record on thousands of consumers throughout Minnesota, which includes personal information and a detailed record of its consumers' video rental histories.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

8.      Google maintains these digital records in violation of Minnesota law, which requires video rental companies, like Google, to "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected. . .."  GBL §673(5); M.S.A. §325I.02(6).

9.      Google stores its consumers' personal information in violation of the protections established by the Minnesota legislature. Google does not destroy its consumer's personal information as soon as practicable. Google does not even destroy its consumer's personal information within one year from the date the information is no longer necessary for the purpose for which it was collected.  Indeed, on information and belief, Google stores its consumer's personal information, including video rental history, indefinitely. Thus, Google has knowingly retained the personally identifiable information, including sensitive video rental histories, of thousands of Minnesota consumers, in violation of Minnesota law.

10.     Plaintiff brings this action on behalf of himself and a class of all people in Minnesota whose personally identifiable information and sensitive video rental histories were retained by Google in violation of M.S.A. § 325I.02.

## THE PARTIES

11.     Plaintiff Burke Minahan lives and is domiciled in Minneapolis, Minnesota.

12.     Plaintiff Minahan has a Google account and has rented and viewed videos through that account, including on Google Play and YouTube.

13.     Plaintiff Minahan rented more than ten videos using the Services, beginning in 2018.

14.     In connection with those rentals, Google collected Plaintiff Minahan's name, address, and credit card information.

15.     As of September 30, 2022, Plaintiff's account history still displayed the titles of the videos he rented, as well as the date he rented it and the price he paid for it, including videos rented over four years ago in 2018.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

16.     As of September 30, 2022, Plaintiff's account history also includes personal information such as his payment information, his Google account information, and his billing address related to videos he has rented, including videos rented over four years ago in 2018.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action with over 100 class members where the aggregate claims of all members of the proposed class exceed $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from Defendant.

18.     This court has personal jurisdiction over Defendant because Defendant is headquartered in this State and stores Plaintiff's personal information and video rental history information within this State, in violation of Plaintiff's rights.

19.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant resides in this District.

## BACKGROUND

*The Video Privacy Protection Act*

20.     In 1988, Congress enacted the Video Privacy Protection Act ("VPPA"), codified as 18 U.S.C. § 2710, after the Supreme Court Justice Nominee Robert H. Bork's video rental records were released to the public.  Congress enacted the VPPA to preserve Americans' right to privacy in their video rental histories.

21.     The VPPA prohibits a videotape service provider from knowingly disclosing to another person "personally identifiable information concerning any consumer of such provider." 18 U.S.C. §2710(b)(1).

22.     The VPPA defines personally identifiable information as "information which identifies a person as having requested or obtained specific video materials or services from a videotape service provider." 18 U.S.C. §2710(a)(3).

23.     Additionally, the VPPA requires that any videotape service provider "subject to this section shall destroy personally identifiable information as soon as practicable, but no later

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

than one year from the date the information is no longer necessary for the purpose for which it was collected.…" 18 U.S.C. §2710(d).  The VPPA does not provide a private right of action for failing to destroy records in the manner required by law.

*Minnesota M.S.A. §325I.01-03*

24.    After passage of the VPPA, many states enacted their own state analogs protecting the video rental histories for citizens of their states, including Minnesota (M.S.A. §325I.02).

25.    Minnesota defines "personally identifiable information" as "information that identifies a person as having requested or obtained specific video materials or services from a videotape service provider.…" M.S.A. § 325I.01(3).

26.    Like the VPPA, Minnesota included a requirement that a videotape service provider destroy personally identifiable information as soon as practicable.

27.    Specifically, Minnesota requires videotape service providers to "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected.…" M.S.A §325I.02(6).

28.    Minnesota also provides for a private right of action to enforce the destruction of video rental history records and provides that "a consumer who prevails or substantially prevails in an action brought under this section is entitled to a minimum of $500 in damages, regardless of the amount of actual damages proved.…"  M.S.A. § 325I.03.

*Google's Retention of Video Rental History*

29.    Google hosts videos on its platform which it allows accountholders to rent for a limited period of time through the Services.  Account holders can stream the rented video on a number of devices such as their mobile devices, smart televisions, computers, or Google video-streaming devices.

30.    To rent a video through the Services, a consumer must create an account with Google, which requires the consumer to submit personally identifying information about themselves, such as name, email address, billing address, and payment information.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

31.     So long as the consumer is logged into a Google account, renting a video to stream is simple – the consumer searches Google's Play, TV, or YouTube video library for a selection and Google presents the option to rent the video from within the library interface.  When the consumer selects the option to rent the video, the credit card on file will be charged and the video will be available for streaming.

32.     Typically, the video is available to be viewed for thirty days, but once the consumer begins playing the video, it must be completed with forty-eight hours. After passage of thirty days from the initial rental, or forty-eight hours after beginning to stream the video it will no longer be available for viewing using the consumer's account unless the consumer pays to rent the video again.

33.     Google offers refunds for some video purchases, but the refund availability depends on the type of purchase and the reason for the refund request.  Most refunds are available for a 48-hour period after the purchase, but for some technical difficulties refunds may be available for up to 65 days after a purchase – the longest possible refund period.

34.     After the option to view the video has expired (either after the thirty-day or forty-eight-hour periods), Google does not destroy the video rental information, nor does Google destroy personal information pertaining to the consumer.

35.     Google retains the video rental information for every video the consumer rented using her Google account.

36.     The transaction is completed once the video is no longer viewable by the accountholder – at that point payment has been made, Google's duty to offer the video terminates, and no refund is available to the consumer, yet Google retains the video rental history for its accountholders beyond the completion of this transaction.

37.     For rentals, once the transaction is complete and the video is no longer available to be viewed, Google has no purpose for retaining the video rental information, yet it does so indefinitely.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

**PLAINTIFF'S EXPERIENCE**

38.     Plaintiff Burke Minahan uses his Google account to rent videos through Google Play.

39.     Plaintiff Minahan first rented videos from Google Play in 2018.

40.     As of September 28, 2022, Plaintiff Minahan's video rental history is still available to be viewed from his Google account, including personal information related to videos he rented over four years ago in 2018.  Specifically, when Plaintiff Minahan reviews his Account Profile, he can navigate to the "Budget & order history" which displays a list of every video he has rented since 2018.

41.     Plaintiff Minahan does not have the option to select a video and view it from this page, or anywhere within his Google account, because the transaction is complete.

42.     Google has stored and continues to store Plaintiff Minahan's personal information in violation of the protections established by the Minnesota legislature. Google did not destroy Plaintiff Minahan's personal information as soon as practicable. Google did not even destroy Plaintiff Minahan's personal information within one year from the date the information was no longer necessary for the purpose for which it was collected.  Indeed, on information and belief, Google's policy and intention is to store Plaintiff Minahan's personal information, including video rental history, indefinitely.

**CLASS ALLEGATIONS**

43.     Plaintiff Minahan seeks to represent the following class of individuals:

All Minnesota residents with Google accounts who rented a video using one of Google's video-streaming services.

44.     **Numerosity**: The Class is so numerous that joinder of individual members herein is impracticable.   The exact number of Class members, as herein identified and described, is not

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

known, but Google confirms it has over 110 million monthly active Google TV and Android TV devices, and Plaintiff estimates there at least thousands of consumers in the Class.[1]

45. **Commonality**. Common questions of fact and law exist for the causes of action and predominate over questions affecting only individual Class members, including the following:

> a. Whether Defendant made videos available to be rented and streamed as alleged in paragraphs 32-36;
>
> b. Whether Defendant created, maintained, and retained records of personally identifiable information for the Class members for longer than necessary for the purpose for which it was collected;
>
> c. Whether Defendant created, maintained, and retained records of video rental history of the Class members for longer than necessary for the purpose for which it was collected; and
>
> d. Whether Class members are entitled to statutory damages for the aforementioned violations.

46. **Typicality**. Plaintiff's claims are typical of the claims of members of the proposed Classes because, among other things, Plaintiff and members of the Classes sustained similar injuries as a result of Defendant's uniform wrongful conduct and their legal claims arise from the same events and wrongful conduct by Defendants.

47. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the proposed Class. Plaintiff's interests do not conflict with the interests of the Class members and Plaintiff has retained counsel experienced in complex class action and data privacy litigation to prosecute this case on behalf of the Class.

48. **Predominance and Superiority**. Plaintiff satisfies the requirements of Rule 23(a) as well as the requirements for maintaining a class under Rule 23(b)(3). Common questions

---

[1] Google TV has over 110 million monthly active devices, https://9to5google.com/2022/01/06/android-tv-os-devices-2022-google-tv/ (last accessed September 29, 2022)

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

of law and fact predominate over any questions affecting only individual Class members, and a class action is superior to individual litigation and all other available methods for the fair and efficient adjudication of this controversy.  The amount of damages available to individual plaintiffs is insufficient to make litigation addressing Defendants' conduct economically feasible in the absence of the class action procedure.  Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense presented by the complex legal and factual issues of the case to all parties and the court system.  By contrast, the class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

49.     **Injunctive Relief**.  Plaintiff also satisfies the requirements for maintaining a class under Rule 23(b)(2).  Defendant acted on grounds that apply generally to the proposed Classes, making final declaratory or injunctive relief appropriate with respect to the proposed Classes as a whole.

50.     Particular Issues.  Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(c)(4).  His claim consists of particular issues that are common to all Class members and are capable of class-wide resolution that will significantly advance the litigation.

### CLAIMS FOR RELIEF

### COUNT I

### Violation of Minnesota M.S.A § 325I.01-03

51.     Plaintiff incorporates all allegations contained the foregoing paragraphs as if fully set forth herein.

52.     Plaintiff Minahan brings this claim individually and on behalf of the members of the proposed Class against Defendant.

53.     Plaintiff Minahan is a "consumer" because he is a "renter…of goods or services from a videotape service provider." M.S.A. § 325I.01(2).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

54.     Defendant is a "videotape service provider" because it is "engaged in the business of rental of prerecorded videocassette tapes or similar audiovisual materials."   M.S.A. § 325I.01(5).

55.     A videotape service provider must "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected …." M.S.A. § 325I.02(6).

56.     "Personally identifiable information" is "information that identifies a person as having requested or obtained specific video materials or services from a videotape service provider." M.S.A § 325I.01(3).

57.     Google collects personally identifiable information from consumers in order to obtain payment from them and to provide them with the video selected by them for viewing.

58.     Google offers a video for viewing to consumers for a thirty-day period and does not provide refunds for videos which are viewed or after a certain time period, typically 48-hours – thus, Google has no purpose for retaining personally identifiable information for longer than thirty days.

59.     Google has not and does not destroy the personally identifiable information as soon as practicable after the information is no longer necessary for the purpose for which it was collected in violation of M.S.A. § 325I.02(6).

60.     Google retained Plaintiff Minahan's personally identifiable information for much longer than thirty days after he rented a video from Google.

61.     Google has stored and continues to store the personal information of Plaintiff Minahan and members of the proposed Class in violation of the protections established by the Minnesota legislature. Google did not destroy the personal information of Plaintiff Minahan and members of the proposed Class as soon as practicable. Google did not even destroy the personal information of Plaintiff Minahan and members of the proposed Class within one year from the date the information was no longer necessary for the purpose for which it was collected.  Indeed,

-10-

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

on information and belief, Google's policy and intention is to store the personal information of Plaintiff Minahan and members of the proposed Class indefinitely.

62.     In accordance with M.S.A. § 325I.03, Plaintiff Minahan and members of the proposed Class have been injured for violations of M.S.A. § 325I.02 and seek damages of not less than $500 each, regardless of the actual amount of damages proved, plus costs, disbursements, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a.  Certify this case as a class action, appoint Plaintiff as Class representative, and appoint Plaintiff's counsel to represent the Class;

b.  Find that Defendant's actions, as described herein, constitute violations of M.S.A. § 325I.02;

c.  Enter a declaratory judgment that Defendant violated M.S.A. § 325I.02 by failing to destroy Plaintiff's and the proposed class members' personally identifiable information as soon as practicable after the information is no longer necessary for the purpose for which it was collected;

d.  Enter an order permanently enjoining Defendant from retaining personally identifiable information of its consumers in violation of Minnesota law;

e.  Award Plaintiff and Class members appropriate relief, including statutory damages of not less than $500 each;

f.  Award equitable, injunctive, and declaratory relief as may be appropriate;

g.  Award all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action; and

h.  Grant such other legal and equitable relief as the Court may deem appropriate.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

1    Dated: September 30, 2022                Respectfully submitted,

2

3                                            *Joseph Henry (Hank) Bates, III*
                                             Joseph Henry (Hank) Bates, III (SBN 167688)
4                                            CARNEY BATES & PULLIAM, PLLC
                                             519 W. 7th Street
5                                            Little Rock, AR 72201
                                             (501) 312-8500
6                                            (501) 312-8505
                                             hbates@cbplaw.com

7                                            *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.